# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(for offenses committed on or after November 1, 1987)<br>RE-SENTENCING |
| V. | **Case Number:** 08-CR-34-BBC-01 |
| ROGER SMITH | **Defendant's Attorney:** William Jones |

The defendant, Roger Smith, pleaded guilty to count 1 of the indictment.

Count 3 of the indictment is dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2251(a) and 18 U.S.C. § 2 | Manufacturing Child Pornography (Aiding and Abetting), a Class B felony | November 10, 2007 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | September 12, 1970 | June 18, 2010 |
| | | Date of Imposition of Judgment |
| **Defendant's USM No.:** | 06592-090 | |
| **Defendant's Residence Address:** | c/o Betty Smith (mother)<br>1906 Squirrel Hill Road<br>Hollandale, WI 53544 | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Bureau of Prisons | Barbara B. Crabb<br>District Judge |
| | | June 18, 2010 |
| | | Date Signed: |

# IMPRISONMENT

As to count one of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for imprisonment for a term of 360 months (30 years).

I recommend that the Bureau of Prisons undertake a mental health evaluation of defendant, specifically identifying his sexual orientation and predatory risk and send the results to the U.S. Probation Office in this district.

Special conditions # 4 and # 9 of defendant's supervised release on the original judgment are being revised on the following pages of this amended judgment. In all other respects, the judgment remains as entered on September 12, 2008.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL
　　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Deputy Marshal

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a life term of supervised release.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.


Taking into consideration the nature of the offense, including defendant's history of exchanging adult pornography with juveniles, as well as his rehabilitative needs and the need to ensure the safety of the community, the following special conditions are appropriate:

(1) Defendant shall submit to electronic monitoring, via the use of Global Positioning System (GPS) monitoring or like technology, for the first 365 days of supervised release;

(2) Defendant shall provide the supervising probation officer advance notification of any computers, automated services or connected devices that he will use during the term of supervision. The probation office is authorized to install any application as necessary on computers or connected devices owned or operated by defendant and shall randomly monitor those computers, connected devices and storage media. Defendant shall consent to unannounced examinations of any computer equipment he owns or uses, including but not limited to retrieval and copying of all data from the computers, connected devices, storage media and any internal or external peripherals and shall and cooperate with the probation office. Monitoring may involve removal of equipment for the purpose of conducting a more thorough inspection;

(3) Defendant shall not possess any visual or audio recording devices;

(4) Defendant shall not possess any material containing sexually explicit conduct as defined in 18 U.S.C. § 2256(2), including pictures, photographs, books, writings, drawings, videos, video games and child pornography, as defined in 18 U.S.C. § 2256(8);

(5) Defendant shall not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising probation officer;

(6) Defendant shall not associate with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such persons, except with the express permission of the minor's parent or legal guardian and the supervising probation officer; this provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services;

(7) Defendant shall register with federal, state and local law enforcement authorities and the state attorney general and comply with any local, state and federal sex offender registration requirements, as directed by the supervising probation officer;

(8) Defendant shall submit his person, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches, pursuant to this condition; and

(9) Defendant shall undergo a psychosexual evaluation, which may involve use of polygraph or plethysmograph examinations, as approved by the supervising U.S. probation officer and is to participate in an outpatient sex offender counseling program and comply with all treatment conditions, if recommended by the evaluator.

In accordance with 18 U.S.C. § 3563(a)(5), defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of his release and a maximum of 30 periodic drug tests thereafter for the use of controlled substances.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $0.00 |
| **Total** | $100.00 | $0.00 | $0.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to pay the mandatory restitution and to support himself upon release.

Case: 3:08-cr-00034-bbc   Document #: 102   Filed: 06/21/10   Page 7 of 7

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: ROGER SMITH<br>CASE NUMBER: **08-CR-34-BBC-01** | Amended Judgment - Page 7 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:
 (1) assessment;
 (2) restitution;
 (3) fine principal;
 (4) cost of prosecution;
 (5) interest;
 (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.